UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SABRINA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-CV-1405-MMM |
| | ) |
| MCLEAN COUNTY, ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Sabrina Williams has filed a *pro se* [1] Complaint and a [2] Motion to Proceed *in forma pauperis* ("IFP"). For the reasons below, the Court DENIES the [2] Motion to Proceed IFP and DISMISSES [1] Complaint.

Under 28 U.S.C. § 1915(a), a Court may authorize a plaintiff to proceed IFP if she demonstrates an inability to pay the required costs and fees. When reviewing an IFP petition, the Court must also dismiss the complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Here, neither Plaintiff's [2] IFP petition nor her [1] Complaint includes her required signature. D. 2, p. 2; D. 1, p. 5. Though failure to sign her IFP petition may be remedied through leave to amend, such leave would be futile given that Plaintiff's corresponding Complaint fails to state a claim.

**I.     BACKGROUND**

Plaintiff's action stems from a state court proceeding in McLean County, Illinois. On October 29, 2024, Plaintiff was served with an Order of Protection petition containing allegations that she was involved in a "disturbance" at the McLean County Courthouse days earlier. (*McLean County* Case No. 24-OP-666). A preliminary hearing was scheduled regarding these allegations. Plaintiff alleges that, prior to this hearing, county employees engaged in certain misconduct which

frustrated her ability to develop her defense. First, she alleges that a county employee withdrew her request under the Freedom of Information Act ("FOIA") to access the video footage of the underlying disturbance. Second, she claims that an employee at the McLean County Sherriff's Department refused her attempt to file a report related to the disturbance. She also claims that the Supervisor Deputy Circuit Clerk filed an affidavit two days prior to the preliminary hearing without first providing her notice, and this testimony was presented at the hearing. Plaintiff claims these actions prevented her from preparing and presenting a defense at the preliminary hearing in violation of her constitutional rights to due process and access to the courts. D. 1, p. 6. She also alleges that, by withdrawing her FOIA request and refusing to accept her report, Defendants treated her differently than other similarly situated individual, in violation of equal protection. *Id*.

Plaintiff now seeks damages and an order from this Court ensuring meaningful access to reporting procedures and public records, prohibiting county officials from withdrawing or blocking lawful FOIA requests, and that county law enforcement agencies apply reporting and evidence-handling procedures in a nondiscriminatory manner. *Id.*

## II.   DISCUSSION

It is not clear whether Plaintiff is stating a claim under the FOIA or 28 U.S.C. § 1983. However, as discussed below, neither state a plausible claim for relief.

Beginning with her FOIA claim, the federal FOIA, 5 U.S.C. § 552, does not apply to state or local government agencies. *See Veasey v. Thoms*, 2024 WL 253615, at *1 (C.D. Ill. Jan. 23, 2024) (state and local government entities are not 'agencies' subject to the federal FOIA); *see also* 5 U.S.C. § 551. Thus, Plaintiff can only state a claim against Defendants under the Illinois FOIA. The Illinois FOIA statute provides that a lawsuit related to such denials "may be filed in the circuit court for the county where the public body has its principal office or where the person denied

access resides." 5 ILCS 140/11(b); *see also Veasey*, 2024 WL 253615, at *1 (citing *Plummer v. Godinez*, 2015 WL 4910562, at *3 (N.D. Ill. Aug. 17, 2015) ("Courts within this District have read [the Illinois Freedom of Information Act] as requiring claims to be heard in state court.")). Therefore, the appropriate venue for Plaintiff's FOIA claims is the Eleventh Judicial Circuit in McLean County, Illinois.

Alternatively, while the Complaint does not identify any federal statutes that it is being brought under, to the extent Plaintiff is seeking relief under 42 U.S.C. § 1983 her claims similarly fail. Plaintiff's due process claim centers around her FOIA request being withdrawn and does not otherwise allege how defendants' conduct resulted in a deprivation of a protected interest. *See Reed v. Goertz*, 598 U.S. 230, 236 (2023) ("A procedural due process claim consists of two elements (i) deprivation by state action of a protected interest in life, liberty, or property and (ii) inadequate state process.").

Plaintiff's "access-to-courts" claim fails, because she does not allege how the named Defendants rendered her unable "to pursue a legitimate" claim. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Rather, her allegations indicate that she was present and had the opportunity to be heard at the state court proceedings. To the extent she had issues with service or discovery, those should have been raised before the State court. She also does not allege that any of the defendants' misconduct prejudiced her at the preliminary hearing. *See DeMallory v. Cullen*, 855 F.2d 442, 448 (7th Cir. 1988) (stating a denial of access to the courts claim must show actual prejudice to plaintiff).

Plaintiff also fails to state a claim for equal protection. The Equal Protection Clause of the Fourteenth Amendment prohibits two kinds of government discrimination: (1) on the basis of certain protected classifications; or (2) from treating a person irrationally as a so-called "class of

one." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010)."For an equal-protection claim based on class membership to survive a motion to dismiss, a plaintiff must sufficiently allege that they were treated differently by the government based on membership in a protected class, and that the defendant acted with discriminatory intent." *Doe v. Bd. of Educ.*, No. 19-C-00263, 2020 WL 1445638, at *6 (N.D. Ill. Mar. 24, 2020). To state a "class-of-one" equal-protection claim is a plaintiff must allege that (1) a state actor intentionally treated them "differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." *Reget*, 595 F.3d at 695. Here, Plaintiff's allegations fail under both theories. Under the class-membership theory, Plaintiff does not allege that she was discriminated against based on her membership to a protected class, or that Defendant acted with discriminatory intent. Plaintiff also does not allege that Defendants treated her differently from others similarly situated and there was no rational basis for the different treatment.

This Court also finds that dismissal of John/Jane Doe is appropriate because Plaintiff has not identified their roles in this dispute. Similarly, any claim against the McLean County fails because for a municipal liability under § 1983, the constitutional violation must be caused by one of the following: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with "final policymaking authority." *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011). Plaintiff must plead a sufficient factual basis for a *Monell* claim, as it is not enough to merely plead the legal elements of the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011). Here, Plaintiff has not identified an express policy or widespread practice that has violated her federal rights. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978).

Furthermore, § 1983 does not allow actions against individuals based solely on their supervisory role of others. *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates." Plaintiff does not state whether the individually named Defendants are being sued in their individual or official capacities. If sued in their individual capacity, Plaintiff must allege that the officials personally participated in the deprivation or were deliberately reckless as to the misconduct of subordinates or were aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). On the other hand, if sued in their official capacity, this tantamount to a suit against McLean County or McLean County Sherrif's Department, who is not named as a Defendant, for which the pleading requirements under *Monell* are required and not met. *See Monell,* 436 U.S. at 691–92.

Further, the Eleventh Amendment bars § 1983 suits seeking *damages* against a state official in her official capacity, as they are deemed suits against the state. On the other hand, "official-capacity actions for prospective relief are not treated as actions against the State" and thus are not barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 167 n.14. (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997) ("suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment under the *Ex parte Young* doctrine.").

 A plaintiff may only seek prospective relief on an official-capacity claim if she sufficiently alleges that the entity of which the government official is an agent has a policy or custom that "played a part in the violation of federal law." *Graham*, 473 U.S. at 166. Plaintiff has not alleged *any* facts indicating that a policy or custom of the state caused the constitutional violations. Moreover, to have standing to seek prospective injunctive relief, Plaintiff must show a real and

immediate threat of future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Past injury alone, however, is insufficient as it is a threat of injury that is solely conjectural or hypothetical. *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). Absent a plausible allegation of a real and immediate future injury, she lacks standing to seek injunctive relief.

Accordingly, Plaintiff's [2] Motion to Proceed in forma pauperis is DENIED, and her [1] Complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint addressing the above deficiencies by no later than October 17, 2025. If Plaintiff fails to do so, her case will be dismissed with prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Entered on October 3, 2025.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge